UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEECLIFTON JEROME MOORE,

        Petitioner,

                                            Case No. 1:09-CV-74

v.

                                            HON. ROBERT HOLMES BELL

CARMEN PALMER, Warden
Michigan Reformatory,

        Respondent.
_____/

ORDER APPROVING AND ADOPTING
REPORT AND RECOMMENDATION AND
<u>DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>

On May 5, 2011, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Petitioner Leeclifton Jerome Moore's § 2254 petition for writ of habeas corpus be denied. (Dkt. No. 24, R&R.) This matter is before the Court on Petitioner's objections to the R&R. (Dkt. No. 25, Obj.)

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Although the

Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner objects to the Magistrate Judge's determination that the trial court's failure to instruct on the essential element of malice in a felony murder case was not a structural defect. Petitioner contends that the Magistrate Judge's reliance on *Neder v. United States*, 527 U.S. 1 (1999), is misplaced because *Neder* involved an instruction on an issue that was not in dispute at trial. Petitioner's objection is not well taken. The *Neder* court explicitly rejected a case-by-case inquiry into the initial structural-error determination because it was inconsistent with the traditional categorical approach to structural errors. *Id*. at 14. Whether the element that was the subject of the omitted instruction was in dispute is relevant to the harmless-error analysis but not to the determination of whether there was a structural error that is not subject to harmless error analysis.

Petitioner also objects to the Magistrate Judge's harmless error analysis under *California v. Roy*, 519 U.S. 2 (1996). Petitioner cites Justice Scalia's concurring opinion in *Roy* in support of his contention that the absence of a formal verdict on each element of a crime cannot be rendered harmless just because no reasonable jury would have found otherwise. *See Roy*, 519 U.S. at 7-8 (Scalia, concurring). Petitioner's reliance on Justice Scalia's concurrence in *Roy*, like his reliance on Justice Scalia's dissent in *Neder*, is misplaced because, as noted in the R&R, a decision in a habeas corpus case must be grounded on the *holdings* of the United States Supreme Court. *See* R&R 23 (citing

2

*Yarborough v. Alvarado,* 541 U.S. 652, 660-61 (2004)).

Finally, Petitioner contends that the Magistrate Judge erroneously determined that the instruction for child abuse first degree "effectively embraces" the malice element of felony murder in Michigan. Petitioner correctly points out that "serious physical injury" for purposes of first degree child abuse includes injuries such as a sprain or dislocation that would not qualify as "great bodily harm" under the intent element of felony murder. The Magistrate Judge recognized that the definitions are not synonymous, but concluded that given the severity of the injuries in this case, the likelihood that the jury concluded that Petitioner's only intent was to inflict a sprain, dislocation , or other injury not severe enough to qualify as "great bodily harm" is nil. *See* R&R 28. On *de novo* review, this Court agrees with the Magistrate Judge's conclusion. The Court will accordingly adopt the R&R's recommendation and deny Petitioner's habeas petition.

An appeal may not be taken from a final order in a habeas case unless a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing § 2254 Cases. The district court should not await an appeal or an application for a certificate before making this ruling. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). Petitioner has failed to make a substantial showing of the denial of a constitutional right. The

Court finds, for the reasons stated in the R&R, that no reasonable jurists would find the R&R's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 25) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the May 5, 2011, Report and Recommendation of the Magistrate Judge (Dkt. No. 24) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

Dated: January 11, 2012               /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      UNITED STATES DISTRICT JUDGE